## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| LOGO BRANDS, INC. | ) | CASE NUMBER |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| TWENTY-SIX DESIGNS, LLC | ) | |
| | ) | |
| | ) | |
| _____ ) | | JURY DEMAND |

## COMPLAINT FOR DECLARATORY JUDGMENT

Logo Brands, Inc. (hereinafter "Logo Brands"), by and through its attorneys, brings this Complaint for Declaratory Judgment against Twenty-Six Designs, LLC (hereinafter "Twenty-Six Designs"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action arising under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202) and patent laws of the United States (35 U.S.C. § 1 et seq.) seeking a declaratory judgment of non-infringement and invalidity of United States Patent No. D728,938 (the "'938 Patent").

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Logo Brand's conduct does not infringe Twenty-Six Designs' alleged trade dress (the "Design" as defined herein) or constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 et seq., or violate Tennessee trademark law.

3. Logo Brands further seeks a declaration that Twenty-Six Designs owns no trade dress or trademark rights in the Design.

4. This action arises out of Twenty-Six Designs' demands initially set out in its letter of September 12, 2022, to Logo Brands (attached as Exhibit 1 hereto) alleging that Logo Brands infringes the claim of the '938 Patent and infringes trade dress rights in and to the Design.

5. Following the letter of September 12, 2022, Twenty-Six Designs offered licensing terms to Logo Brands that were received by Logo Brands in the State of Tennessee.

6. Eventually, Twenty-Six Designs sent Logo Brands a draft complaint captioned with the Middle District of Tennessee (attached as Exhibit 2 hereto).

7. Logo Brands disputes Twenty-Six Designs' claims of infringement.

8. Upon information and belief, Twenty-Six Designs has sold the bag that includes the asserted Design in the State of Tennessee.

9. Twenty-Six Designs lists many retailers located in Tennessee as its customers.

10. In Exhibit 2, Twenty-Six Designs states that the Middle District of Tennessee has subject matter jurisdiction for this dispute.

11. In Exhibit 2, Twenty-Six Designs states that venue is proper in the Middle District of Tennessee for this dispute.

## JURISDICTION

12. This action arises under the Declaratory Judgment Act (28 U.S.C. §§ 2201 and 2202), the patent laws of the United States (35 U.S.C. § 1 et seq.), and the Lanham Act (15 U.S.C. § 1051 et seq.).

13. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), 2201, and 2202 and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

14. Personal jurisdiction over Twenty-Six Designs is proper in this District.

15.     Twenty-Six Designs has a presence in this state.

16.     Twenty-Six Designs directs sales to this state.

17.     Twenty-Six Designs uses its website to inform customers where Twenty-Six Designs' products can be purchased in this state.

18.     Twenty-Six Designs has availed itself of the rights and benefits of the laws of Tennessee.

19.     Twenty-Six Designs has conducted business relating to the licensing and enforcement of patents and trade dress in Tennessee.

20.     Twenty-Six Designs has systematic and continuous business contacts with Tennessee.

21.     Personal jurisdiction over Twenty-Six Designs is proper in this District because it has a presence in this state (including directing sales to this state and using its website to inform customers where Twenty-Six Designs' products can be purchased in this state), it has availed itself of the rights and benefits of the laws of Tennessee, it has conducted business relating to the licensing and enforcement of patents and trade dress in Tennessee, and it has systematic and continuous business contacts with Tennessee.

22.     Twenty-Six Designs sent a draft complaint (Exhibit 2) to Logo Brands; in that draft complaint, Twenty-Six Designs acknowledges that this Court has both subject matter and personal jurisdiction over this dispute.

23.     Twenty-Six Designs has had business negotiations with Logo Brands in this state.

**VENUE**

24.     Venue is proper in this district under 28 U.S.C. § 1391(b) because Twenty-Six Designs is subject to personal jurisdiction in this judicial district, has directed its business,

3

licensing, and enforcement activities at this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

25. Twenty-Six Designs has directed its business at this judicial district.

26. Twenty-Six Designs has directed its licensing efforts at this judicial district.

27. Twenty-Six Designs has directed its enforcement activities at this judicial district.

28. A substantial part of the events giving rise to the claims occurred in this judicial district.

29. Logo Brands was formed under the laws of Tennessee.

30. Logo Brands resides in Tennessee.

31. Logo Brands has its principal place of business in Tennessee.

32. Logo Brands has its offices and warehouses in Tennessee.

33. If Twenty-Six Designs files suit against Logo Brands, the only place that venue is proper is Tennessee, according to *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017), because Logo Brands was formed under the laws of Tennessee, it resides in Tennessee, its principal place of business is in Tennessee, and its offices and warehouses are in Tennessee.

34. In the draft complaint (Exhibit 2) that Twenty-Six Designs sent to Logo Brands, Twenty-Six Designs acknowledges that venue is proper in this Court relating to this dispute.

## PARTIES

35. Logo Brands is a corporation that is incorporated in Tennessee and has its principal place of business in Franklin, Tennessee at 117 Southeast Parkway, Franklin, Tennessee 37064.

4

36.     Logo Brands is a family-owned business that has grown from a small, two-car garage to multiple locations in Middle Tennessee.

37.     Logo Brands makes products for passionate fans.

38.     Twenty-Six Designs is a New Jersey limited liability company with its principal place of business at 240 Route 17 South, Lodi, New Jersey 07644, engaged in the business of, among other things, designing, marketing, and selling handbags to consumers.

## FACTS

### The Patent at Issue

39.     United States Patent Number D728,938 ("the "'938 Patent"), entitled Carrying Case, names Kimberlee Vaccarella as the inventor and states an issue date of May 12, 2015. A copy of the '938 Patent is attached hereto as Exhibit 3.

40.     The '938 Patent has a filing date April 16, 2014.

41.     Paragraph 14 of the draft complaint (Exhibit 2) states that the '938 Patent "captures key aspects" of the Design.

42.     The '938 Patent "captures key aspects" of the Design.

43.     Paragraph 7 of the draft complaint (Exhibit 2) states that the "Bogg Bag" product ("Bogg Bag") "featur[es] the Bogg Trade Dress" and includes a picture of the Bogg Bag showing the Design.

44.     Paragraph 7 of the draft complaint (Exhibit 2) states that the Bogg Bag (which is the Design shown in the '938 Patent) has been sold since "at least 2011."

45.     The Bogg Bag that is the Design shown in the '938 Patent has been sold since at least 2011.

5

46.     Upon information and belief, the Bogg Bag has been on sale prior to November 19, 2011.

47.     Upon information and belief, the first sale of the Bogg Bag was prior to November 19, 2011.

48.     Upon information and belief, the Bogg Bag was first displayed in public in 2008.

49.     Upon information and belief, the Bogg Bag was first sold in 2008.

50.     Upon information and belief, the Bogg Bag was displayed in public in 2010.

51.     Upon information and belief, the Bogg Bag was sold in 2010.

52.     The application resulting in the '938 Patent relies upon Application Serial No. 13/680,885, which was filed on November 19, 2012.

53.     Application Serial No. 13/680,885 is abandoned.

54.     The Bogg Bag was on sale more than one year prior to the filing date of Application Serial No. 13/680,885.

55.     Application Serial No. 13/680,885 claims priority to Application Serial No. 12/317,621, which resulted in U.S. Patent No. 8,312,816 (the "'816 Patent"). A copy of the '816 Patent is included as Exhibit 4.

56.     The drawings for the product shown in the '816 Patent are different from the drawings in the '938 Patent.

57.     Figure 1 of the '938 Patent shows a front-perspective view of the bag:



FIG. 1

58.     Figure 1 of the '816 Patent shows a front-perspective view of the bag:



Figure 1

59.     The '816 Patent disclose right-angle corners of the sides of the bag in the '938 Patent.

60.     The '816 Patent does not disclose the rounded corners of the sides of the bag disclosed in the '938 Patent.

61.     The '816 Patent does not disclose the rounded corners of the bottom of the sides of the bag disclosed in the '938 Patent.

62.     Figures 2 and 3 of the '938 Patent show the profile view of the front or back of the bag.

7

63. The '816 Patent does not disclose the profile view of the front or back of the bag.

64. Figures 4 and 5 of the '938 Patent show no holes ("apertures") in the shorter sides of the bag:



FIG. 4          FIG. 5

65. Figure 3 of the '816 Patent shows holes (apertures) and a line or crease on the shorter sides of the bag:



66.     Figure 6 of the '938 Patent shows the top of the bag:



67.     Figure 2 of the '816 Patent shows the top view of the bag, with a single mount or other extruding part appended to the outer wall of each side of the bag upon which each of two handles are affixed, and the top view shows the four corners of the rectangular bag to be approximately 90-degree (right) with straight lines forming the right angles:



68.     Figure 7 of the '938 Patent shows the bottom of the bag.

69.     Figure 7 of the '938 Patent shows the bottom of the bag, with only the appearance of rounded screw-tops or bolt-heads and nuts to indicate the place where the handles are affixed on each side of the bag.

70.     Figure 7 of the '938 Patent shows the bottom of the bag, without the mounts or other extruding parts appended to the outer wall of each side of the bag present in the '816 Patent.

9

71.     Figure 7 of the '938 Patent shows that the four corners of the rectangular bag are rounded with curved lines and no right angles:



FIG. 7

72.     The '816 Patent does not disclose the bottom of the bag.

73.     The bag shown in the '938 Patent is not enabled by the '816 Patent.

74.     The claim of the '938 Patent is not enabled by the '816 Patent.

75.     The '938 Patent cannot claim priority to the '816 Patent.

76.     The '816 Patent discusses many functional features associated with the design shown in the common features between the '816 Patent disclosure and the '938 Patent.

77.     The '816 Patent discloses the functional feature of the holes (apertures) in the Bogg Bag:

> In order to achieve at least one of these objects and possibly others, one embodiment of a handbag or carrying case in accordance with the invention, referred to hereinafter as a carrying case, includes a retaining compartment for retaining objects which is defined by structure having a plurality of apertures extending from the compartment to an exterior thereof, and at least one snap fastener arranged to snap into a respective aperture to thereby be secured to the structure defining the compartment.

(Exhibit 4, '816 Patent, col. 1, l. 64–col. 2, l. 5).

78.     The '816 Patent further discloses the functional feature of:

> An object may be coupled to the snap fastener such that the object is secured to the structure defining the compartment. The position of the object is variable

10

depending on which aperture the snap fastener snaps into, with the user selecting where to locate the object by selecting the location at which the snap fastener connected thereto will engage with the compartment defining structure.

(Exhibit 4, '816 Patent, col. 2, ll. 5–11).

### The Bogg Bag and Trade Dress

79.     The Bogg Bag, which is the source of Twenty-Six Designs' claims, is shown below as portrayed in Paragraph 7 of the draft complaint (Exhibit 2):



80.     According to Paragraph 8 of the draft complaint (Exhibit 2), Twenty-Six Designs defines the trade dress of the Design as:

  • A rectangular shape formed of EVA foam, with rounded bottom corners;
  • An arbitrary pattern of 17 diagonal holes on the front and back faces of the bag, arranged in sequentially angled sets of a single hole, three holes, three sets of five holes, another set of three holes, and a final single hole;
  • Belt-like looped EVA foam handles fastened to the front and back of the bag with shiny, circular buttons in a contrasting material and color;
  • Parallel horizontal lines running around the entire perimeter of the bag just beneath the top edge of the bag and near the bottom of the bag[;]
  • An arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above[.]

81.     Twenty-Six Designs filed a trademark application seeking to register the Design at the U.S. Patent and Trademark Office (USPTO) as Application Serial No. 90/086,398 on July 31, 2020, for the following image:



82.     The description of the Design as identified in Application Serial No. 90/086,398 is:

> The mark consists of a three-dimensional configuration of the goods. The elements in the drawing shown with solid lines constitute the mark, the horizontal line running the circumference of the top hem, the horizontal line running the circumference of the base, and semi-rigid synthetic base with round corners comprising raised pattern of four zig zag lines when viewed in profile as well as a repeating series of short diagonal lines to the side of the zig zag lines. The dashed lines are used to indicate placement of the mark and are not claimed as part of the mark.

83.     In the draft complaint (Exhibit 2), Twenty-Six Designs defines the bottom part of the Design as:

> • Parallel horizontal lines running around the entire perimeter of the bag . . . near the bottom of the bag[;]
> • An arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above[.]

84.     According to the statements made by Twenty-Six Designs in Application Serial No. 90/086,398, the Bogg Bag was first sold at least as early as December 31, 2011.

12

85.     The Design, as incorporated into the Bogg Bag, functions to prevent the bag from tipping over, leaking, or slipping on a surface.

86.     Twenty-Six Designs sells its Bogg Bag through its website hosted at www.boggbag.com ("Twenty-Six Designs' Website").

87.     Twenty-Six Designs advertises on its website that:

> What makes the Bogg Bag unique is its patented design, durability, and it's washable! Unlike other totes, the Bogg Bag won't tip over. The bottom won't leak. And when you get home from the beach, simply hose off your Bogg Bag and hang it to dry for your next adventure!
>
> Bogg Bag allows you to have BOTH style AND functionality! This mom-invented tote includes useful features like a plastic zipper pouch insert to secure your personal items like a wallet, car keys, or your cell phone. Customize your Bogg Bag with Bogg Bits, adorable charms that secure into the bag's holes anywhere you like!

88.     Twenty-Six Designs has marketed that the "flat treaded bottoms" and "sturdy sides" of the Bogg Bag are made to "keep your items where you want them."

89.     An example of this marketing is shown in the following screenshot:

13



90.     The      preceding      screenshot      is      available      at
https://web.archive.org/web/20120203075816/http://www.boggbag.com/.

91.     Twenty-Six Designs has marketed the Bogg Bag as "tip-proof."

92.     Twenty-Six Designs has marketed the Bogg Bag as having a "non-slip tread bottom."

93.     Twenty-Six Designs has marketed the Bogg Bag as having "soft-shoulder straps."

94.     An example of this marketing is shown in the following screenshot:



95.     The preceding screenshot is available at https://web.archive.org/web/20130805054339/http://www.boggbag.com/.

96.     Twenty-Six Designs has marketed the Bogg Bag as "Tip-Proof," "Non-Slip," "Durable," and "Sturdy."

97.     An example of this marketing is shown in the following screenshot:



98.	The	preceding	screenshot	is	available	at
https://web.archive.org/web/20150707152108/http://www.boggbag.com/.

99.	The Design is functional.

100.	Multiple third-party users sell and offer for sale bags that have design features that are similar to the Dress of the Bogg Bag.

101.	Multiple third-party users sell and offer for sale bags that have design features that are the same as the Design of the Bogg Bag.

102.	The image below shows a third party selling a bag that bears one or more elements of the Design.



103.	Upon information and belief, the seller Par Masters is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

104.	The	preceding	screenshot	is	available	at	https://par-masters.com/products/waterproof-eva-summer-beach-bag-portable-large-capacity-bag-

lightweight-tote-bag-handbag-for-travel-pool-

yoga?variant=43850735616258&utm_source=google&utm_medium=cpc&utm_campaign=Goo

gle+Shopping&currency=USD&gad=1&gclid=EAIaIQobChMIhZ3ojqC3gQMVDhetBh0XggAt

EAQYByABEgIj9_D_BwE.

    105.    The image below shows a third party selling a bag that bears one or more

elements of the Design.



    106.    Upon information and belief, the seller GFI is not authorized or licensed by

Twenty-Six Designs to sell the bag product shown.

    107.    The preceding screenshot is available at

https://www.giftsforidea.com/product/designers-eva-waterproof-beach-tote/.

    108.    The image below shows a third party selling a bag that bears one or more

elements of the Design.



109.    Upon information and belief, the seller Simply Southern is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

110.    The preceding screenshot is available at https://www.amazon.com/Simply-Southern-Large-Tote-Sun/dp/B09N9WSVTC/ref=sr_1_41?keywords=rubber+beach+bag&qid=1695148226&sr=8-41.

111.    The image below shows a third party selling a bag that bears one or more elements of the Design.



112.     Upon information and belief, the seller Boldstar is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

113.     The preceding screenshot is available at https://www.amazon.com/Boldstar-Rubber-Beach-Tote-Bag/dp/B0CGC22H7V/ref=sr_1_9?keywords=rubber+beach+bag&qid=1695148226&sr=8-9.

114.     The image below shows a third party selling a bag that bears one or more elements of the Design.



115.    Upon information and belief, the seller Qkstan is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

116.    The preceding screenshot is available at https://www.amazon.com/Qkstan-Waterproof-Washable-Handbag-Pool15%C3%975-25%C3%9713In/dp/B0BYNT5SPY/ref=sr_1_8?keywords=rubber+beach+bag&qid=169514633 3&sr=8-8.

117.    The image below shows a third party selling a bag that bears one or more elements of the Design.



118.     Upon information and belief, the seller MAGG Bag is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

119.     The preceding screenshot is available at https://www.amazon.com/Waterproof-Sandproof-Bag-Crossbody-Essentials/dp/B0C3ZK2189/ref=sr_1_4_sspa?keywords=rubber%2Bbeach%2Bbag&qid=16951 46333&sr=8-4-spons&sp_csd=d2lkZ2V0TmFtZT1zcF9hdGY&th=1.

120.   The image below shows a third party selling a bag that bears one or more elements of the Design.



121.   Upon information and belief, the seller Baonat is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

122.   The preceding screenshot is available at https://www.amazon.com/stores/BAONAT/page/05B59D13-7DFD-40B9-BC18-0F2F5F9A6D59?ref_=ast_bln.

123.    The image below shows a third party selling a bag that bears one or more elements of the Design.



124.    Upon information and belief, the seller Yaxifa is not authorized or licensed by Twenty-Six Designs to sell the bag product shown.

125.    The preceding screenshot is available at https://www.amazon.com/YAXIFA-Waterproof-Sandproof-Halloween-Christmas/dp/B0CFQX912W/ref=sr_1_2_sspa?keywords=rubber+beach+bag&qid=1695146333&sr=8-2-spons&sp_csd=d2lkZ2V0TmFtZT1zcF9hdGY&psc=1.

126.    Because the same or similar design appears on so many third-party products, the Design has not achieved secondary meaning.

23

**Logo Brands Bag**

127.     Logo Brands' accused product (the "Logo Brands Bag") with holes (apertures) is
shown as follows:



128.     The lower edge of the Logo Brands Bag is shown as follows:



129.     The tread on the bottom of the Logo Brands Bag consists of a random series of
squiggly lines and upside-down chevrons or nested arrowheads protruding from and running
along the bottom surface of the bag and running up the rounded sides of the bag to a height of
approximately three inches.

130.     The horizontal line running around the entire perimeter of the bag near the bottom
of the bag demarcates where the bag is reinforced with additional material to enhance the
strength and support of the bag.

131.    The horizontal line running around the entire perimeter of the bag near the bottom of the bag is a functional component because it demarcates where the bag is reinforced with additional material to enhance the strength and support of the bag.

132.    The bottom portion of the bag is reinforced to ensure the bag remains upright when items are placed inside.

133.    The bottom portion of the bag is reinforced to strengthen the bag so that it does not break when carrying heavy items.

134.    Logo Brands sells a version of the Logo Brands Bag with no holes (apertures) on any side or face of the bag.

135.    All versions of the Logo Brands Bag lack the arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line.

136.    All versions of the Logo Brands Bag do not infringe the Design because they lack an arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above.

137.    The version of the Logo Brands Bag with holes (apertures) does not have 17 diagonal holes on the front and back faces of the bag.

138.    The version of the Logo Brands Bag with holes (apertures) lacks an arbitrary pattern of 17 diagonal holes on the front and back faces of the bag.

139.    The version of the Logo Brands Bag without holes (apertures) on any side or face of the bag does not infringe the Design because it lacks an arbitrary pattern of 17 diagonal holes on the front and back faces of the bag.

140.    The version of the Logo Brands Bag with no holes (apertures) on any side or face of the bag is pictured below:



141.    The version of the Logo Brands Bag with no holes (apertures) lacks an arbitrary pattern of 17 diagonal holes on the front and back faces of the bag.

142.    The version of the Logo Brands Bag with no holes (apertures) on any side or face of the bag does not infringe the Design because it lacks an arbitrary pattern of 17 diagonal holes on the front and back faces of the bag.

143.    The version of the Logo Brands Bag with no holes (apertures) on any side or face of the bag lacks a horizontal line running around the entire perimeter of the bag near the bottom of the bag.

144.    The version of the Logo Brands Bag with no holes (apertures) on any side or face of the bag does not infringe the Design because it lacks a horizontal line running around the entire perimeter of the bag near the bottom of the bag.

**Existence of an Actual Controversy**

145.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

146.    The letter of Exhibit 1 is a cease-and-desist letter.

147.    The draft complaint of Exhibit 2 contains further allegations of infringement.

148.    The subsequent demands made by Twenty-Six Designs for royalty payments and other forbearance and consideration are further proof of a dispute.

149.    Twenty-Six Designs has sustained its allegations of infringement for more than a year.

150.    Twenty-Six Designs has threatened Logo Brands with litigation.

151.    Twenty-Six Designs has threatened Logo Brands with litigation in this District.

152.    Twenty-Six Designs has deflected or ignored Logo Brands' good faith warnings of the unenforceability of Twenty-Six Designs' allegations.

153.    Twenty-Six Designs has demanded payments and other actions to which Logo Brands is not obliged to accede.

154.    Logo Brands has disclosed certain sales and other confidential information to Twenty-Six Designs.

155.    Logo Brands has disclosed certain sales and other confidential information to Twenty-Six Designs in an effort to meet Twenty-Six Designs' demands, but the demands have continued.

156.    Based on the foregoing, a justiciable controversy exists between Logo Brands and Twenty-Six Designs as to whether the Logo Brands Bag infringed the '938 Patent and the Design.

157.    Logo Brands is injured and damaged by Twenty-Six Designs' repeated allegations because Logo Brands is required to review product lines, alter marketing material, and pay its attorneys to review the new and repeated allegations of infringement.

158.    Logo Brands cannot proceed with developing and marketing certain products until the allegations are resolved.

159.    Absent a declaration of non-infringement or invalidity, Twenty-Six Designs will continue to wrongfully allege that the Logo Brands Bag infringes the '938 Patent and the Design, and thereby cause Logo Brands irreparable injury and damage.

**COUNT ONE (Declaratory Judgment of Design Patent Non-Infringement)**

160.    Logo Brands repeats and realleges paragraphs 1 through 159 hereof, as if fully set forth herein.

161.    Only one side of each Logo Brands Bag with holes has 23 apertures; the other side has some number fewer, typically 16, due to the presence of a third-party logo.

162.    Each Logo Brands Bag without holes has no holes and displays a third-party logo.

163.    The presence of the logo is the compelling reason for the consumer to purchase the Logo Brands Bag, and consumers typically, predominantly view the side of the Logo Brands Bag bearing the third-party logo.

164.    The ordinary consumer would not find the Logo Brands Bag substantially similar at least due to the presence of the third-party logo and due to the differentiable number of apertures.

165.    Therefore, an ordinary observer would not find the Logo Brands Bag substantially similar to the design claimed in the '938 Patent.

166. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

167. A judicial declaration is necessary and appropriate so that Logo Brands may ascertain its rights regarding the Logo Brands Bag and the '938 Patent.

168. Logo Brands is entitled to a declaratory judgment that Logo Brands has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claims of the '938 Patent under 35 U.S.C. § 271.

### COUNT TWO (Declaratory Judgment of Design Patent Invalidity)

169. Logo Brands repeats and realleges paragraphs 1 through 168 hereof, as if fully set forth herein.

170. The apertures disclosed in the '816 Patent are functional features of that patent. Their inclusion in the '938 Patent renders the '938 Patent invalid.

171. The claim of the '938 Patent is not enabled by the '816 Patent because the '816 Patent does not show the front or back of the bag and does not show the bottom of the bag, and the views it does show are not the same as the views in the '938 Patent.

172. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity.

173. A judicial declaration is necessary and appropriate so that Logo Brands may ascertain its rights regarding the validity of the '938 Patent.

174. Logo Brands is entitled to a declaratory judgment that the claim of the '938 Patent is invalid under one or more provisions of 35 U.S.C. §§ 101, 102 and 103.

**COUNT THREE (Declaratory Judgment of Trade Dress Non-Infringement)**

175. Logo Brands repeats and realleges paragraphs 1 through 174 hereof, as if fully set forth herein.

176. The Logo Brands Bag is not confusingly similar to the Bogg Bag at least because the bottom portion is different and not likely to cause confusion, and the bottom horizontal line is functional, and the remaining aspects of alleged trade dress are not sufficient to give rise to secondary meaning or enforceable trade dress.

177. The Logo Brands Bag without holes is not confusingly similar to the Bogg Bag at least because it has no holes.

178. The Logo Brands Bag is not confusingly similar to the Bogg Bag at least because it does not have an arbitrary pattern of zigzag protruding lines running along the bottom surface of the bag and running up the rounded sides of the bag to the bottom parallel line noted above.

179. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Logo Brands has not infringed and is not infringing Twenty-Six Designs' alleged rights in the Design.

180. A judicial declaration is necessary and appropriate so that Logo Brands may ascertain its right to continue selling the Logo Brands Bag.

181. Logo Brands is entitled to a declaratory judgment that Logo Brands' sale of the Logo Brands Bag is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trade dress rights of Twenty-Six Designs under 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), T.C.A. 47-25-512, or the common law of the State of Tennessee.

**COUNT FOUR (Declaratory Judgment of Trade Dress Invalidity)**

182.    Logo Brands repeats and realleges paragraphs 1 through 181 hereof, as if fully set forth herein.

183.    The rectangular shape of the Bogg Bag is functional and is not capable of creating secondary meaning.

184.    The rounded corners of the Bogg Bag are functional and are not capable of creating secondary meaning.

185.    The holes (apertures) in the front and back of the Bogg Bag and claimed as part of the Design are functional and thus cannot serve as trade dress.

186.    The handles fastened to the Bogg Bag and claimed as part of the Design are functional and thus cannot serve as trade dress.

187.    The Design is invalid because it cannot achieve secondary meaning.

188.    The Design cannot achieve secondary meaning because the remaining non-functional components, namely, at most, the horizontal line running around the entire perimeter of the bag just beneath the top edge of the bag, is not sufficient to create consumer recognition or secondary meaning.

189.    As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Twenty-Six Designs owns no valid trademark rights in the Design.

**<u>Relief Requested</u>**

WHEREFORE, Logo Brands requests judgment against Twenty-Six Designs and other relief as follows:

1.      Adjudging that Logo Brands has not infringed and is not infringing, either directly or indirectly, any valid and enforceable claim of the '938 Patent, in violation of 35 U.S.C. § 271;

2.      Adjudging that the claim of the '938 Patent is invalid;

3.      An order that Twenty-Six Designs and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them, be permanently restrained and enjoined from alleging, representing, or otherwise stating that Logo Brands infringes the claim of the '938 Patent or from instituting or initiating any action or proceeding alleging infringement of the claim of the '938 Patent against Logo Brands or any customers, manufacturers, users, importers, or sellers of the Logo Brands Bag;

4.      Adjudging that Logo Brands has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark or trade dress rights of Twenty-Six Designs under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

5.      Adjudging that Logo Brands has not engaged in and is not engaging in unfair competition against Twenty-Six Designs in violation of 15 U.S.C. § 1125(a) or T.C.A. § 47-25-512;

6.      Adjudging that Logo Brands has not violated and is not violating Tennessee common law or other Tennessee law;

7.      Adjudging that Twenty-Six Designs owns no enforceable trademark or trade dress rights in Twenty-Six Designs' Design.

8.      Restraining and enjoining Twenty-Six Designs and each of its officers, directors, agents, counsel, servants, employees, and all persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Logo Brands' sale of the Logo

32

Brands Bag infringes or is likely to cause confusion with any rights of Twenty-Six Designs' Design or constitutes unfair competition;

9.     Declaring Logo Brands the prevailing party and this case as exceptional, and awarding Logo Brands its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

10.     Awarding Logo Brands all fees, expenses, and costs associated with this action; and

11.     Awarding such other and further relief as this Court deems just and proper.

12.     Logo Brands demands a jury trial on all issues so triable.

/s/ Edward D. Lanquist, Jr.
Edward D. Lanquist, Jr. (BPR No. 13303)
Dominic A. Rota (BPR No. 37622)
elanquist@bakerdonelson.com
drota@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
(615) 726-5581/F: (615) 726-0464

Scott M. Douglass (BPR No. 31097)
sdouglass@bakerdonelson.com
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, TN 38103
(901) 577-2258/F: (901) 577-2303

Attorneys for Plaintiff Logo Brands, Inc.